IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PLD HOSPITALITY, LLC, doing business as Saddleback Inn, ) ) ) | |
| Plaintiff, ) ) | |
| v.    ) ) | Case No. CIV-25-00243-JD |
| GOTHAM INSURANCE COMPANY, ) ) | |
| Defendant. ) | |

**ORDER**

Before the Court is the Motion to Remand ("Motion") filed by Plaintiff PLD Hospitality, LLC, doing business as Saddleback Inn ("PLD"). [Doc. No. 12]. Defendant Gotham Insurance Company ("Gotham") filed a Response [Doc. No. 17], and PLD replied [Doc. No. 19]. Following the Court's Order, PLD supplemented the record with a complete copy of the insurance policy. [Doc. Nos. 20, 21]. For the reasons outlined below, the Court grants the Motion.

**I.     BACKGROUND**

PLD initiated this case in the District Court of Oklahoma County. [Doc. No. 1-2]. PLD sued Gotham for breach of contract and bad faith over an insurance claim PLD made pertaining to alleged storm damage to its property. [*Id.* ¶ 5]. PLD claimed that Gotham breached the insurance policy and the implied covenant of good faith and fair dealing by, among other things, failing to pay amounts claimed to be due under the policy. [*Id.* ¶¶ 10–12].

Gotham removed the case to this Court based upon diversity jurisdiction. [Doc.

No. 1]. PLD requests that the Court remand the case, claiming that Gotham's removal was untimely. [Doc. No. 12 at 1].[1]

On December 13, 2024, PLD served Gotham at the office of its general counsel via certified mail. [*Id.* (citing Doc. No. 1-5)]. PLD also served the Oklahoma Insurance Department, in accordance with Okla. Stat. tit. 36, § 621, which Gotham states it received on January 29, 2025. [*Id.* at 2 (citing Doc. No. 1-6)]. Gotham filed its Notice of Removal on February 24, 2025, twenty-six days after it received service through the Oklahoma Insurance Department and sixty-seven days after service upon Gotham's general counsel. [*Id.*].

PLD contends that Gotham's removal was untimely because the deadline for removal was January 21, 2025, based upon service on Gotham's general counsel. [*Id.*]. Gotham counters that service upon its general counsel was improper because Oklahoma law requires service upon the Oklahoma Insurance Commissioner. [Doc. No. 17 at 3–4]. Thus, Gotham argues, the proper date for calculating the removal deadline is when Gotham received service via the Oklahoma Insurance Department, on January 29, 2025. [Doc. No. 1 ¶ 3 & n.1]. PLD, however, asserts an endorsement to the policy waives the requirement to serve the Insurance Commissioner. [Doc. No. 12 at 4–5]. Gotham argues that waiver of the statutory means of service is improper. [Doc. No. 17 at 6–10].

## II.   DISCUSSION

The party seeking to remove the case bears the burden of demonstrating removal

---

[1] The Court uses the page numbers from the top of CM/ECF documents filed on this Court's docket.

was appropriate. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013); *see also Hernandez v. Liberty Ins. Corp.*, 73 F. Supp. 3d 1332, 1336 (W.D. Okla. 2014) (explaining that, in the context of the timeliness of removal, the removing party "bears the burden to establish that its removal of Plaintiff's case to federal court was proper"). Because federal courts are limited tribunals, "statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed . . . ." *Pritchett v. Off. Depot, Inc.*, 420 F.3d 1090, 1094–95 (10th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941)). By statute, a notice of removal must be filed "within [thirty] days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief." 28 U.S.C. § 1446(b)(1).

Because Gotham has the burden to demonstrate removal was proper, Gotham must demonstrate that it timely removed this case. To do so, Gotham needs to show that PLD's service of this lawsuit upon Gotham's general counsel was inadequate and accordingly, that the deadline for removal did not begin to run until PLD served the Oklahoma Insurance Department.

To determine whether service upon Gotham's general counsel was proper, the Court must consider the following issues: (1) whether the endorsement to the insurance policy between the parties allows for service upon Gotham's general counsel, thus waiving the statutory requirement for service of process; and (2) whether Gotham has demonstrated waiver of service was improper.

### A. The parties contractually agreed upon agents for service of process.

Under Oklahoma law, service of process upon a foreign insurer is governed by statute. "Service of such process against a foreign or alien insurer shall be made only by service of process upon the Insurance Commissioner." Okla. Stat. tit. 36, § 621(b). The parties agree that this provision is the proper statute governing service in this case. [*See* Doc. No. 12 at 5; Doc. No. 17 at 1]. Because Gotham undisputedly did not receive service via the Oklahoma Insurance Department until January 29, 2025, the Court must consider whether the parties contractually agreed upon agents for service of process.

Here, the policy contains an endorsement which provides as follows:

> *It is agreed that in the event of our failure to pay any amount claimed to be due under this policy, we agree to submit to the jurisdiction of any court of competent jurisdiction within the United States in which a suit for those amounts may be brought.* Nothing in this condition constitutes or should be understood to constitute a waiver of our right to commence an action in any court of competent jurisdiction in the United States, to remove an action to a United States District Court or to seek a transfer of a case to another court as permitted by the laws of the United States or of any state in the United States.
>
> *It is further agreed that service of process in such suit may be made upon:*
>
> > *Gotham Insurance Company*
> > *107 Greenwich Street, 16th Floor*
> > *New York, NY 10006*
> > *Attn: General Counsel*
>
> and in any suit instituted against such person upon this policy, the insurer will abide by the final decision of such court or of any Appellate Court in the event of an appeal.

[Doc. No. 12-1 at 1 (emphasis added)]. The endorsement also provides as follows:

> Pursuant to any provision of any statute of any state, territory, or district of the United States, *we hereby designate the Superintendent, Commissioner*

4

> *or Director of Insurance, or other officer specified for that purpose in the statute, or his successor or successors in office, as our true and lawful attorney upon whom may be served any lawful process in any action, suit, or proceeding* instituted by you or on your behalf or any beneficiary hereunder arising out of this policy, and we hereby designate the above named Counsel as the person to whom the said officer is authorized to mail such process or a true copy thereof.

[*Id.* (emphasis added)].

PLD argues that the above endorsement specifically consents to service upon Gotham's general counsel and waives the right to exclusive statutory service upon the Oklahoma Insurance Commissioner. [Doc. No. 12 at 2–5; Doc. No. 19 at 1–3]. Gotham instead interprets the above endorsement as only providing an address to which the Insurance Commissioner may direct service upon receipt. [Doc. No. 17 at 2].[2]

Under the alleged facts in this case, the plain language of the endorsement allows service upon either Gotham's general counsel at the address included or upon the Insurance Commissioner. PLD sued over Gotham's failure to pay amounts claimed to be due under the policy, and the endorsement allows service of process in such suit to be made on Gotham's general counsel. The interpretation advanced by Gotham, that the first service provision merely provides an address to which the Insurance Commissioner can forward service, would render that provision superfluous as it would then state substantially the same thing as the second service provision. Additionally, the Court

---

[2] [*See id.* ("Critically, the endorsement explicitly appoints the Commissioner of Insurance as Gotham's service agent and, contrary to Plaintiff's assertion, merely identifies 107 Greenwich Street, 16th Floor, New York, NY 10006 as the address at which the Commissioner is to mail a copy of any summons and petition. The Policy's appointment of the Commissioner as Gotham's service agent is directly in compliance with 36 O.S. § 621.")].

agrees with PLD's argument that the term "service of process . . . may be made" has an established legal meaning, as exhibited by its inclusion in the service statute at issue in this case. [Doc. No. 19 at 4]. *See* Okla. Stat. tit. 36, § 621(b) ("Service of such process against a foreign or alien insurer shall be *made* only by service of process upon the Insurance Commissioner.") (emphasis added). Accordingly, the endorsement allows for service of process on either Gotham's general counsel or the Oklahoma Insurance Commissioner. *Cf. Emps. Ins. of Wausau v. Banco De Seguros Del Estado*, 199 F.3d 937, 942–43 (7th Cir. 1999) (construing a similar service of suit clause as appointing designated agents and the relevant insurance commissioner as agents for service of process).

### B.   Gotham has not met its burden to demonstrate the parties cannot waive the statutory service provision as the exclusive method.

Gotham contends that, if the Court concludes that the endorsement allows for service of process upon Gotham's general counsel, then that amounts to a waiver of the statutory requirement for service and that waiver of the requirement is improper under Oklahoma law. [Doc. No. 17 at 2]. According to Gotham, "when a statute contains provisions that are founded upon public policy, such provisions cannot be waived." [*Id.* (citing *Parker v. Indep. Sch. Dist. No. I-003 of Okmulgee Cnty.*, 82 F.3d 952, 955 (10th Cir. 1996)].

PLD counters that the correct test to determine whether parties may waive a statutory provision by contract is whether "the waiver . . . 'thwart[s]' the particular public policy which the statute was designed to effectuate." [Doc. No. 19 at 8 (quoting *Parker*,

82 F.3d at 954)]. The Court concludes that PLD's statement of the rule comports with the test announced by the Tenth Circuit, in reliance upon Oklahoma law.

In *Parker v. Independent School District No. I-003*, considering whether parties can contract around statutorily conferred rights, the circuit stated as follows:

> The rule in Oklahoma regarding the validity of contractual provisions waiving statutory rights is most fully expressed in *Isenhower v. Isenhower*, 666 P.2d 238 (Okla. Ct. App. 1983):
>
>> While we agree that a right may be waived whether conferred by law or contract, when a *statute* contains provisions that are founded upon public policy, such provisions cannot be waived by a private party if such waiver thwarts the legislative policy which the statute was designed to effectuate. Courts must give effect to legislative acts and may not amend, repeal or circumvent them.

82 F.3d at 954 (emphasis in original).

Accordingly, to demonstrate its removal was proper (timely), Gotham needs to show that allowing the parties to contractually waive the statutory service provision "thwarts the legislative policy which the statute was designed to effectuate." *Id.* Gotham has not met this burden. In its Response, Gotham does not explain how allowing the parties to contract around that statute would thwart legislative policy. [*See* Doc. No. 17 at 7–8]. And although Gotham cites the public policy behind the creation of the Insurance Department, it does not explain the legislative policy behind the service statute at issue. [*See id.*].

Because Gotham has failed to show that waiver of the statutory service method is improper, the Court concludes PLD's service upon Gotham's general counsel was proper, thus triggering the running of the removal deadline. Gotham's removal was, therefore,

untimely because Gotham removed this case more than thirty days after it received service.

### III. CONCLUSION

As outlined above, the Court determines that the endorsement of the insurance policy at issue provides for service of process upon either Gotham's general counsel or the Oklahoma Insurance Commissioner. Gotham has failed to demonstrate that waiver of the statutory service requirement of Okla. Stat. tit. 36, § 621 is improper under Oklahoma law. The Court, therefore, finds that Gotham has not shown that PLD's service upon its general counsel was improper. Accordingly, the Court concludes the deadline for removal began to run when PLD served Gotham's general counsel on December 13, 2024, and thus Gotham's removal on February 24, 2025, was untimely because it exceeded the thirty-day deadline.

The Court GRANTS PLD's Motion for Remand and REMANDS this case to the District Court of Oklahoma County, Case No. CJ-2024-7998, under 28 U.S.C. § 1447(c). The Court DIRECTS the Clerk of this Court to send a certified copy of this Order to the Clerk of the state court to which this matter is remanded. Each side shall bear its own fees and costs relating to the removal and remand.

IT IS SO ORDERED this 31st day of October 2025.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE